UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE EX PARTE APPLICATION OF HIDENORI TAKAGI,<br><br>Applicant. | Case No. 22-mc-80240-VKD<br><br>**ORDER GRANTING EX PARTE APPLICATION FOR ORDER PURSUANT TO 28 U.S.C. § 1782**<br><br>Re: Dkt. No. 1 |

Applicant Hidenori Takagi applies ex parte for an order pursuant to 28 U.S.C. § 1782 authorizing service of a subpoena for documents on Twitter, Inc. ("Twitter"). Dkt. No. 1. Although the proposed subpoena is directed to Twitter, Dr. Takagi says he will use the subpoena to obtain information identifying the users of two Twitter accounts.[1] *See* Dkt. No. 1 at 2-3.

The Court grants the application subject to the modifications and requirements set forth below.

I.  **BACKGROUND**

According to the application, Dr. Takagi is a licensed medical doctor and the sole proprietor of the Mukogaoka Clinic in Kanagawa-ken, Japan. Dkt. No. 1 at 1. According to Dr. Takagi, on March 23, 2022, an anonymous Twitter user with display name *konnoyukio@CmRUCE* posted a tweet falsely asserting that clinic staff posted made up Google reviews and posted derogatory rumors about drug stores and other healthcare providers. *Id.* at 2;

---

[1] All parties appearing have indicated their consent to magistrate judge jurisdiction. Dkt. Nos. 5, 9.

Dkt. No. 1-1 ¶ 9 and Ex. 1.  That same day, anonymous letters of a threatening or hostile nature were received at the clinic and at Dr. Takagi's home address.  Dkt. No. 1 at 2; Dkt. No. 1-1 ¶ 17.

A few days later, on March 28, 2022, the clinic's signboard was defaced by red paint, which Dr. Takagi describes as "imitating blood."  Dkt. No. 1 at 2; Dkt. No. 1-1 ¶ 18 and Ex. 5. The next day, an anonymous Twitter user with display name *Aya@ay_chim0807* posted a tweet suggesting that the user was a former patient of Dr. Takagi and falsely asserting that Dr. Takagi had touched the patient inappropriately.  Dkt. No. 1 at 2; Dkt. No. 1-1 ¶¶ 12-13 and Ex. 2.  The tweet included two photos of a piece of paper with writing on it stuck on a shutter at the clinic. The writing states that the author was sexually assaulted by Dr. Takagi at the clinic and warns others to be careful.  *Id.*

Dr. Takagi says that the tweets contain false statements that have harmed his and the clinic's reputation and business, and that he intends to file a civil action against the Twitter user or users for damage to reputation in Japan.  Dkt. No. 1 at 3.  In addition, Dr. Takagi says he also intends to submit a criminal complaint to the Japanese police requesting an investigation of the Twitter user or users for criminal defamation.  *Id.*  He explains that under Japanese law, once the Japanese police receive a criminal complaint for defamation, they will investigate the complaint to determine whether to recommend prosecution of the alleged offender.  *Id.* at 3-4.  However, in order to proceed with a civil action or a criminal complaint, Dr. Takagi must provide evidence specifically identifying the person or persons alleged to have posted the defamatory tweets.  *Id.* at 3. Dr. Takagi says that he requires information from Twitter in order to proceed with these legal actions.

Dr. Takagi requests permission to serve a subpoena on Twitter seeking the following documents:

> 1. ALL DOCUMENTS showing the following information ever registered with EACH ACCOUNT 1[2]:
>    (i)  names;
>    (ii) physical, billing, shipping, or ALL other addresses;

---

[2] "EACH ACCOUNT" is defined as the Twitter accounts that posted the two tweets at issue.  Dkt. No. 1, Ex. A at ECF 15.

      (iii)   recovery, authentication, or ALL other e-mail addresses;
      (iv)   recovery, authentication, or ALL other telephone numbers;
      (v)   ALL names and addresses of ALL credit cards registered to EACH ACCOUNT (but not the credit card number, expiration date, or card validation code); and,
      (vi)   ALL names, addresses, e-mail addresses, telephone numbers, and names of the payment methods (such as PayPal), for ALL non-credit card payment methods registered to EACH ACCOUNT.

2. ALL DOCUMENTS showing the following information as of the date that EACH ACCOUNT was created, and for the three-month period immediately preceding September 8, 2022 and until the date that you respond to this request: ALL access log (dates, times, and IP addresses) of EACH ACCOUNT.

Dkt. No. 1, Ex. A at ECF 15-16.

Dr. Takagi's application is supported by his own declaration and the declarations of Akio Naguchi (Dr. Takagi's Japanese lawyer) and Yoshie Katsurada (a translator). Dkt. Nos. 1-1, 1-2, 1-3.

## II.    LEGAL STANDARD

Pursuant to 28 U.S.C. § 1782, a district court may order the production of documents or testimony for use in a foreign legal proceeding, unless the disclosure would violate a legal privilege. 28 U.S.C. § 1782(a); *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 246-47 (2004). The statute may be invoked where: (1) the discovery is sought from a person residing in the district of the court to which the application is made; (2) the discovery is for use in a proceeding before a foreign tribunal; and (3) the applicant is a foreign or international tribunal or an "interested person." *Intel*, 542 U.S. at 246.

A district court is not required to grant an application that meets the statutory criteria, but instead retains discretion to determine what discovery, if any, should be permitted. *Id.* at 264. In exercising that discretion, the court considers several factors:

(1) whether "the person from whom discovery is sought is a participant in the foreign proceeding";

(2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S.

federal-court judicial assistance";

(3) whether the discovery request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and

(4) whether the discovery requested is "unduly intrusive or burdensome."

*Id.* at 264-65.

A district court's discretion is guided by the twin aims of § 1782: providing efficient assistance to participants in international litigation and encouraging foreign countries by example to provide similar assistance to our courts. *Schmitz v. Bernstein Liebhard & Lifshitz LLP*, 376 F.3d 79, 84 (2d Cir. 2004). The party seeking discovery need not establish that the information sought would be discoverable under the governing law in the foreign proceeding or that United States law would allow discovery in an analogous domestic proceeding. *See Intel*, 542 U.S. at 247, 261-63.

Applications brought pursuant to 28 U.S.C. § 1782 typically are considered on an ex parte basis, since "'parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it.'" *IPCom GmbH & Co. KG v. Apple, Inc.*, 61 F. Supp. 3d 919, 922 (N.D. Cal. 2014) (quoting *In re Republic of Ecuador*, No. C-10-80225 MISC CRB (EMC), 2010 WL 3702427, at *2 (N.D. Cal. Sept. 15, 2010)). "Consequently, orders granting § 1782 applications typically only provide that discovery is 'authorized,' and thus the opposing party may still raise objections and exercise its due process rights by challenging the discovery after it is issued via a motion to quash, which mitigates concerns regarding any unfairness of granting the application *ex parte*." *In re: Ex Parte Application Varian Med. Sys. Int'l AG, Applicant*, No. 16-mc-80048-MEJ, 2016 WL 1161568, at *2 (N.D. Cal. Mar. 24, 2016).

Unless the district court orders otherwise, the discovery authorized by the court must be obtained in accordance with the Federal Rules of Civil Procedure. 28 U.S.C. § 1782(a); *In re Letters Rogatory from Tokyo Dist. Prosecutor's Office, Tokyo, Japan*, 16 F.3d 1016, 1020 (9th Cir. 1994).

## III. DISCUSSION

### A. Statutory Requirements

Dr. Takagi's application satisfies the statutory requirements of 28 U.S.C. § 1782(a). First, the subpoena seeks discovery from Twitter, which has its principal place of business in the Northern District of California. Dkt. No. 1 at 6. Second, Dr. Takagi requests this discovery for use in pursuing a civil action and in submitting a criminal complaint once he obtains evidence identifying the person or persons who posted the tweets at issue. *Id.* at 6-7. Crediting Dr. Takagi's representations, a proceeding before a foreign tribunal appears to be within reasonable contemplation. *See Intel*, 542 U.S. at 259 (adjudicative proceedings need not be pending or imminent, so long as they are within reasonable contemplation). Third, Dr. Takagi, as the plaintiff in the contemplated civil action and the victim in a potential criminal investigation and prosecution, is an interested person within the meaning of the statute. *Id.*

### B. *Intel* Factors

Even if the Court has the authority to grant Dr. Takagi's § 1782 application, that does not mean the Court is required to do so. *Intel*, 542 U.S. at 247. In determining whether judicial assistance under § 1782 is appropriate, the Court must consider the additional, non-exhaustive *Intel* factors.

#### 1. Participation of target in the foreign proceeding

Although this factor addresses whether the person from whom discovery is sought is a party to the foreign proceeding, "the key issue is whether the material is obtainable through the foreign proceeding." *In re Varian Med. Sys.*, 2016 WL 1161568, at *3 (internal quotations and citation omitted).

According to the application, Twitter will not be a party in either the civil action or criminal prosecution in Japan, and the documents Dr. Takagi seeks by subpoena are located in the United States. Dkt. No. 1 at 7. Dr. Takagi contends that such evidence is outside the reach of the Japanese court's jurisdiction. *Id.* In these circumstances, the need for assistance pursuant to § 1782(a) is greater than it would be in circumstances where the foreign tribunal may order parties appearing before it or third parties within its jurisdiction to produce evidence. *Intel*, 542 U.S. at

264.  The Court finds that this factor weighs in favor of authorizing service of the subpoena.

### 2.   Receptivity of foreign tribunal to U.S. judicial assistance

Under this factor, the Court considers "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." *Intel*, 542 U.S. at 264.  "This factor focuses on whether the foreign tribunal is willing to consider the information sought." *In re Varian Med. Sys.*, 2016 WL 1161568, at *4.  "[I]f there is reliable evidence that the foreign tribunal would not make any use of the requested material, it may be irresponsible for the district court to order discovery, especially where it involves substantial costs to the parties involved." *Id.* (internal quotations and citations omitted).  Courts have denied requests for discovery where the foreign tribunal or government expressly says it does not want the U.S. federal court's assistance under § 1782.  *See, e.g.*, *Schmitz*, 376 F.3d at 84-85 (affirming the denial of discovery where the German government expressly objected to the information sought due to concerns that it would jeopardize an ongoing German criminal investigation, as well as German sovereign rights); *In re Ex Parte Appl. of Qualcomm Inc.*, 162 F. Supp. 3d 1029, 1040-41 (N.D. Cal. 2016) (concluding that this *Intel* factor weighed heavily against discovery where the Korean Fair Trade Commission filed an amicus brief stating that it had no need or use for the requested discovery).

Here, Dr. Takagi represents that Japanese courts have been receptive in other matters to assistance in discovery from the United States and that there are "no known restrictions imposed by or any policies under Japanese law limiting U.S. federal court judicial assistance." Dkt. No. 1 at 8.  Dr. Takagi's Japanese counsel attests that the Japanese police will not accept a criminal complaint for investigation and possible prosecution unless Dr. Takagi provides evidence specifically identifying the person alleged to have posted the defamatory tweets in question, and that he requires the same information to file a civil action seeking damages for reputation tort. Dkt. No. 1-2 ¶¶ 10-11, 15-16.

In the absence of evidence that a Japanese court would object to Dr. Takagi's discovery of the information sought in the subpoena, or that it would object more generally to the judicial assistance of U.S. federal courts, the Court concludes that this factor weighs in favor of

1   authorizing service of the subpoena.

### 3.  Circumvention of proof-gathering restrictions

Under this factor, the Court considers whether Dr. Takagi's request for discovery "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Intel*, 542 U.S. at 265. "A perception that an applicant has side-stepped less-than-favorable discovery rules by resorting immediately to § 1782 can be a factor in a court's analysis." *In re Varian Med. Sys.*, 2014 WL 1161568, at *5 (quoting *In re Cathode Ray Tube (CRT) Antitrust Litig.*, No. C-07-5944-SC, 2013 WL 183944, at *3 (N.D. Cal. Jan. 17, 2013)). Courts have found that this factor weighs in favor of discovery where there is "nothing to suggest that [the applicant] is attempting to circumvent foreign proof-gathering restrictions." *In re Google, Inc.*, No. 14-mc-80333-DMR, 2014 WL 7146994, at *3 (N.D. Cal. Dec. 15, 2014); *see also In re Eurasian Nat. Res. Corp. Ltd.*, No. 18-mc-80041-LB, 2018 WL 1557167, at *3 (N.D. Cal. Mar. 30, 2018) (finding that the third *Intel* factor weighed in favor of discovery where there was "no evidence" of an attempt to circumvent foreign proof-gathering restrictions or policies).

Dr. Takagi's Japanese counsel attests that she is aware of no restrictions or policies under Japanese law that would limit the gathering of the evidence Dr. Takagi seeks here. Dkt. No. 1-2 ¶¶ 18-20. In the absence of contrary information, the Court concludes that this factor also weighs in favor of authorizing service of the subpoenas.

### 4.  Unduly burdensome or intrusive discovery

Under this factor, the Court considers whether the discovery sought is "unduly intrusive or burdensome." *Intel*, 542 U.S. at 265.

Dr. Takagi's proposed subpoena to Twitter seeks "all documents" identifying the person or persons who posted two specific tweets using Twitter's service, including the user's name and contact information, payment methods (and all names and contact information associated with those payment methods), as well as access logs on the date the account was created and for the period of time from June 8, 2022 to the present (i.e. "for the three-month period immediately preceding September 8, 2022 and until the date that you respond to this request"). *See* Dkt. No. 1,

Ex. A at ECF 15-16.

Dr. Takagi again relies on the declaration of his Japanese counsel to explain why, in Dr. Takagi's view, it is necessary to obtain contact information and access log information. *See* Dkt. No. 1-2, ¶¶ 14-24. Crediting this explanation, the Court finds that Dr. Takagi has shown that he likely will not have the identifying information he requires to proceed with a civil action or criminal complaint in Japan unless he obtains identifying information and access log information. However, the Court is not persuaded that Dr. Takagi requires "all documents showing"; rather, he should only require "documents sufficient to show" the information described in the two document requests in order to identify the Twitter user or users for purposes of the contemplated legal proceedings.

Finally, Dr. Takagi's proposed discovery does intrude upon the privacy interests of the Twitter user or users who posted the tweets in question. These concerns may be addressed by adopting procedural protections to ensure that any objections the users may have to disclosure of their information are addressed by the Court before disclosure is made. Specifically, and as set forth below, Twitter must notify the Court of any objections it receives from the Twitter users, and it may not disclose objected-to documents to Dr. Takagi until the Court resolves those objections.

## IV. CONCLUSION

Dr. Takagi's application meets the statutory criteria for an order authorizing service of the proposed subpoenas. In addition, the factors that inform the Court's exercise of its discretion under *Intel* favor authorizing service of the subpoena, *except* that Dr. Takagi must modify the document requests in his subpoena to request only "documents sufficient to show" in place of "all documents showing."

Accordingly, the Court authorizes service of the proposed subpoena, with the modification noted above, on Twitter. This order does not foreclose a motion to quash or further modify the subpoena by Twitter following service, or by the Twitter users whose identifying information is sought. The Court orders Dr. Takagi and Twitter to comply with the following requirements to ensure all interested persons have an opportunity to contest the subpoena if they wish:

1. At the time of service of the revised subpoena, Dr. Takagi must also serve a copy of

this order on Twitter.

2. Within 10 calendar days of service of the subpoena and this order, Twitter shall notify the Twitter users within the scope of the subpoena that their identifying information is sought by Dr. Takagi, and shall serve a copy of this order on each such person.

3. Twitter and/or any person whose identifying information is sought may, within 21 days from the date of the notice, file a motion in this Court contesting the subpoena (including a motion to quash or modify the subpoena).

4. Alternatively, any person whose identifying information is sought may, within 21 days from the date of the notice, advise Twitter in writing of any objections he or she has to disclosure of the information and the bases for any such objections.  Within 10 days of receipt of any such objections, Twitter shall so advise the Court.

5. If any person contests the subpoena or objects to any portion of it, Twitter shall preserve, but not disclose, the information sought by the subpoena pending resolution of that contest or objection.

Any information Dr. Takagi obtains pursuant to the subpoena may be used only for purposes of the anticipated civil action or criminal complaint, and Dr. Takagi may not release such information or use it for any other purpose, absent a Court order authorizing such release or use.

**IT IS SO ORDERED.**

Dated: October 13, 2022

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge